FILED

United States Court of Appeals
Tenth Circuit

March 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANDREW RUTHERFORD,

      Defendant-Appellant.

No. 11-3378
(D.C. Nos. 5:10-CR-40009-SAC-1 and
5:11-CV-04041-SAC-1)
(D. Kansas)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

      Andrew Rutherford filed a federal habeas petition pursuant to 28 U.S.C.

§ 2255, seeking relief from his conviction for conspiring to traffic marijuana in

violation of 21 U.S.C. §§ 841 and 846. The district court denied his petition, and

he now asks us to issue a certificate of appealability (COA) to allow him to

contest that decision.

      We may grant a COA only if Mr. Rutherford makes a "substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this

---

     [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted). Because Mr. Rutherford proceeds in this court *pro se*, we review his pleadings with special solicitude.

Even by this forgiving standard we cannot grant a COA, because binding precedent forecloses all of Mr. Rutherford's claims. The bulk of the petition is devoted to arguing that 21 U.S.C. §§ 841 and 846 exceed the federal government's constitutional authority. But we have already held that these statutes fall within Congress's power to regulate interstate commerce. *See, e.g.*, *United States v. Price*, 265 F.3d 1097, 1106-07 (10th Cir. 2001). Mr. Rutherford argues that these laws violate the Tenth Amendment, which he says "reserved" for the states the power to punish drug cultivation. But ours is a system of dual sovereignty, and the existence of state regulatory authority doesn't preclude Congress from legislating in the same area so long as it stays within its enumerated powers. *See Abbate v. United States*, 359 U.S. 187, 192-194 (1959). Because §§ 841 and 846 are valid exercises of the commerce power and regulate private parties as opposed to the states themselves, they do not contravene the Tenth Amendment. *See United States v. Hampshire*, 95 F.3d 999, 1004 (10th Cir. 1996).

Mr. Rutherford's as-applied challenge fares no better. In his guilty plea colloquy he admitted to conspiring to ship drugs across state lines, conduct that plainly would fall within the federal government's authority to punish. *See Gonzales v. Raich*, 545 U.S. 1, 17-19 (2005).

Mr. Rutherford's other claims fall along with his challenges to §§ 841 and 846. His lawyers couldn't have been constitutionally ineffective for failing to object to statutes that are plainly valid. And his claim that the District of Kansas lacked jurisdiction to try his case likewise hinges on his assertion that the federal government had no business outlawing his drug operation. Finally, his argument that "the State of Kansas is not a 'state' under the Controlled Substances Act" lacks any basis in law or logic.

The request for a COA is denied, as is Mr. Rutherford's motion for leave to proceed *in forma pauperis*. The appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge